IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JONATHAN FLEMISTER ,**<br>On behalf of himself and all others<br>similarly situated,<br><br><br>Plaintiff,<br><br><br>v.<br><br><br>**BISHOP THIEM SEPTIC TANK,**<br>AND **RONALD R. THIEM,**<br><br><br>Defendants. | **CIVIL ACTION FILE<br>NO.** 1:11-cv-3771<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**COMES NOW** Plaintiff Jonathan Flemister ("Flemister"), on behalf of himself

and all others similarly situated, through his counsel, Stephen M. Katz, THE KATZ

LAW GROUP, and for his Complaint, states:

**NATURE OF THIS ACTION**

1.

This is a collective action brought under The Fair Labor Standards Act, 29

U.S.C. § 201 *et seq.* to recover unpaid overtime compensation, liquidated damages,

attorneys fees, and costs.

## PARTIES

2.

Jonathan Flemister lives in the Northern District of Georgia.

3.

Bishop-Thiem Septic Tank, Inc. ("Bishop Septic") is a Georgia corporation with its principal office and place of business at 600 Ponderosa Court, Fayetteville, Georgia 30214-1453.  Bishop Septic can be served by delivering a copy of the Summons and the Complaint to Larry King, Bishop Septic's registered agent, at 210 North McDonough Street, Jonesboro, Georgia, 30236.

4.

Bishop Septic provides septic tank servicing and cleaning in Georgia.

5.

Defendant Ronald R. Thiem ("Thiem") lives in the Northern District of Georgia and serves as Bishop Septic's Owner and Chief Executive Officer.  Thiem can be served by delivering a copy of the Summons and Complaint to him at 600 Ponderosa Court, Fayetteville, Georgia 30214-1453.

6.

Thiem is involved in the day-to-day operations and has substantial

operational control over Bishop Septic, including, without limitation, the policies governing individuals employed in the same capacity as the named Plaintiff and the putative class of plaintiffs.

7.

Thiem exerts substantial control over Bishop Septic's compliance with the Fair Labor Standards Act.

8.

Thiem has the power to hire and fire employees, including, without limitation, individuals employed by Bishop Septic in the same capacity as the named Plaintiff and putative class of plaintiffs.

9.

Thiem controls employee work schedules or conditions of employment including, without limitation, individuals employed by Bishop Septic in the same capacity as the named Plaintiff and putative class of plaintiffs.

10.

Thiem determines the rate and method of payment for employees including, without limitation, individuals employed by Bishop Septic in the same capacity as the named Plaintiff and putative class of plaintiffs.

3

11.

At all times relevant to this action, Thiem oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by Bishop Septic in the same capacity as the named Plaintiff and putative class of plaintiffs.

12.

Bishop Septic maintains, and, at all times relevant hereto, maintained an office in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in Georgia.

13.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

14.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

15.

At all relevant times, individually and collectively, Defendants have been and

4

remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

16.

As an employer engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

17.

Defendants, and each of them, were at all relevant times aware of the existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay overtime compensation and the duty to refrain from retaliation against employees who complain about violations of the Fair Labor Standards Act.

## <u>Jurisdiction</u>

18.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

## <u>Venue</u>

19.

5

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

## FACTS

20.

Flemister was employed by Defendants from 2000 to January 2012.  Flemister was employed by Defendants as a "Septic Tank Cleaner" receiving "piece rate" compensation without any overtime compensation for hours and/or "piece rate" appointments worked in excess of 40 hours for any given week.

21.

Flemister's primary and virtually only duty at Bishop Septic is cleaning and servicing septic tanks.

22.

There are numerous employees, similarly situated to Flemister, that worked or are working for Defendants as "Septic Tank Cleaners" and receiving "piece-rate" compensation without being paid overtime for hours and/or "piece rate" appointments worked in excess of 40 hours for any given week.

23.

At all times relevant to this action, Defendants have refused to pay Flemister

and similarly situated "Septic Tank Cleaners" overtime compensation.

24.

Flemister does not have discretionary authority in his position as a "Septic Tank Cleaner."

25.

Since January 2009, while employed by Defendants as a "Septic Tank Cleaner" Flemister has consistently worked over 40 hours per week.

26.

Defendants deliberately failed to provide Flemister with overtime compensation for hours worked in excess of 40 hours in any given week in 2009, 2010, and 2011.

### CLAIM FOR RELIEF

### Violation of 29 U.S.C. § 216(b)

### (FLSA)

27.

Flemister incorporates the allegations contained in paragraphs 1 through 26 of this Complaint as though the same were fully set forth at length herein.

28.

Defendants repeatedly and willfully violated the provisions of § 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing individuals, including Flemister, engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

29.

Flemister, as well as those similarly situated to him, were regularly compelled to work more than 40 hours per week but were and are not paid overtime compensation as required under the FLSA.

30.

Flemister, and those similarly situated to him are not exempt employees under the FLSA; thus, Defendants were required to pay them overtime compensation for all hours worked each week in excess of 40.

31.

Defendants' violations of the overtime pay requirements set forth in the FLSA were and are systematic, voluntary and willful.

32.

Defendants owe Flemister, and those similarly situated to him, overtime pay for work performed but not compensated in an amount to be determined in this collective action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

### Count II

33.

Flemister incorporates the allegations contained in paragraphs 1 through 32 of this Complaint as though the same were fully set forth at length herein.

34.

Within the preceding four years, Defendants, an employer subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep, and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

35.

Flemister and those similarly situated to him are entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked due to

Defendants' violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE**, Flemister demands relief as follows:

1. That process issue and that Defendants be served according to law;

2. An Order finding that Defendants violated Section 215(a)(2) and 216(b) of the FLSA;

3. Judgment in favor of Jonathan Flemister and all those similarly situated to him and against Defendants, jointly and severally, for unpaid overtime compensation together with double damages;

4. Pursuant to Section 216(b) of the Act, judgment in favor of Flemister and those similarly situated to him and against Defendants, jointly and severally, for reasonable attorneys fees;

5. Judgment in favor of Flemister and those similarly situated to him and against the Defendants, jointly and severally, for prejudgment interest;

6. Judgment in favor of Flemister and those similarly situated to him and against the Defendants, jointly and severally, for all taxable and non-taxable costs;

7. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., **TRIAL BY JURY** on all claims on which a jury trial is

10

available**;**

      8.      Such other, further and different relief as this Court deems appropriate.

This 19th day of January, 2012.

                    By: **/s/ Stephen M. Katz**
                        Stephen M. Katz
                        Georgia Bar No. 409065

                    By: **/s/ V. Severin Roberts**
                        V. Severin Roberts
                        Georgia Bar No. 940504
                    Attorneys for Jonathan Flemister