IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JONATHAN FLEMISTER,** on behalf of himself and all others similarly situated, | : : : : | CIVIL ACTION FILE NO. 1:12-cv-00187-TWT |
| Plaintiff, | : : | **JURY TRIAL DEMANDED** |
| vs. | : : | |
| **BISHOP-THIEM SEPTIC TANK, INC.,** AND **RONALD R. THIEM,** | : : : : | |
| Defendants. _____ | : : | |

**CONSENT MOTION SEEKING COURT APPROVAL OF
SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff Jonathan Flemister together with Defendants Bishop-Thiem Septic, Inc, ("Bishop-Thiem") and Ronald R. Thiem, by and through their respective counsel, hereby jointly move the Court to enter an order approving the parties' settlement of all claims in this civil action and dismissing this civil action with prejudice.

For cause, the parties would show as follows:

**The Nature of Plaintiff's Lawsuit**

1. Plaintiff alleges in this civil action that Defendants have violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime compensation for hours worked in excess of 40 in several workweeks. Defendants deny that they have violated the FLSA.

**The Parties**

2. Bishop-Thiem is a corporation that is engaged in the business of providing septic tank services.

3. Plaintiff was employed by Bishop-Thiem as a septic tank service provider until January 2012. In that job, Plaintiff was primarily responsible for servicing Defendants' customer's septic tanks.

**Bishop Thiem's Treatment of Plaintiff as Exempt under the FLSA**

4. At all times relevant, Bishop-Thiem has treated Plaintiff as exempt from overtime compensation under the FLSA. In doing so, Bishop-Thiem has relied on the so-called "retail commission" exemption set forth in Section 7(i) of the FLSA, which states as follows:

> No employer shall be deemed to have violated [Section 7(a) of the FLSA] by employing any employee of a retail or service establishment for a workweek in excess of [40 hours], if (1) the regular rate of pay of such employee is in excess of one and one-half times the [FLSA's] minimum hourly rate … and (2) more than half his compensation for a representative period (not less than 1 month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application

of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C. § 207(i).

**The Parties' *Bona Fide* Disputes under the FLSA**

    5.    Multiple *bona fide* disputes exist between the parties under the FLSA, including:

    (a)    Whether Plaintiff falls within the 7(i) exemption;

    (b)    If Plaintiff does not fall within the 7(i) exemption, whether a 2-year or 3-year limitations period would be appropriate under the FLSA;

    (c)    If Plaintiff does not fall within the 7(i) exemption, the number of overtime hours he worked during the relevant limitations period;

    (d)    If Plaintiff does not fall within the 7(i) exemption, whether he is entitled to liquidated damages under the FLSA; and

    (e)    If Plaintiff does not fall within the 7(i) exemption, whether Ronald R. Thiem can be held individually liable under the FLSA.

**The Parties' Settlement**

    6.    Through labored negotiations, the parties were able to reach a settlement of Plaintiff's claims.

7. Without admitting any liability under the FLSA, Defendants have agreed to pay Plaintiff's back overtime wages under the FLSA covering a period of two years.

8. In agreeing, for purposes of settlement, on the number of hours worked by Plaintiff in each workweek during the agreed-upon two year period, the parties had the benefit of three (3) categories of documents – (a) data collected from the time cards of assistants that accompanied Flemister while he was performing service appointments for Defendants; (b) customer invoices prepared by Plaintiff; and (c) Plaintiff's own time records.

9. In calculating back overtime wages over the agreed upon two year period using the agreed-upon hours worked figures, the parties had the benefit of Plaintiff's undisputed pay records.

10. Without admitting any liability under the FLSA, Defendants have also agreed to pay Plaintiff some liquidated damages under the FLSA.

11. Without admitting any liability under the FLSA, Defendants have also agreed to pay Plaintiff's attorney's fees and litigation costs.

12. In exchange for the above-referenced payments, Plaintiff has agreed to release Defendants from any liability under the FLSA up to the date of the parties'

settlement (*i.e.*, April 26, 2012). Thus, the parties' settlement does not involve Plaintiff prospectively waiving any rights under the FLSA.

**WHEREFORE**, the parties respectfully request that the Court enter the attached proposed Order approving the parties' settlement of all claims in this civil action and dismissing this civil action with prejudice.

Jointly submitted this 26th day of April, 2012 by:

| THE KATZ LAW GROUP LLC | MILLARD FARMER |
|---|---|
| By: /s/Stephen M. Katz<br>Stephen M. Katz<br>Georgia Bar No. 409065<br>V. Severin Roberts<br>Georgia Bar No. 940504<br>smkatz@smk-law.com<br>severin@smk-law.com<br><br>4799 Olde Towne Parkway<br>Marietta, Georgia  30068-4350<br>770-988-8181 (Telephone)<br>770-988-8182 (Facsimile)<br><br>*Attorneys for Plaintiff Jonathan Flemister* | By: /s/Millard Farmer<br>Millard Farmer<br>Georgia Bar No. 255300<br>millardfarmer@millardfarmer.com<br><br>151 Nassau Street<br>Atlanta, Georgia 30303<br>404-688-8116 (Telephone)<br><br>*Attorney for Defendants Bishop-Thiem Septic, Inc., and Ronald R. Thiem* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2012, I electronically filed the foregoing **CONSENT MOTION SEEKING COURT APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE** using CM/ECF which will automatically send email notification of such filing to the following attorneys of record:

Millard Farmer
151 Nassau Street
Atlanta, Georgia 30303

/s/ Stephen M. Katz
Stephen M. Katz
Georgia Bar No. 409065

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504